Filed 7/21/15  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAUL HERNANDEZ,<br><br>    Defendant and Appellant. | G051160<br><br>(Super. Ct. Nos. 12CF1489, R-01735)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part, and remanded with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Raul Hernandez contends that under the voters' recent enactment of Proposition 47, "The Safe Neighborhoods and Schools Act" (codified as pertinent here in Penal Code section 1170.18; all further undesignated statutory references are to this code), the trial court should have granted his application to designate his felony drug possession offense (Health & Saf. Code, § 11377) as a misdemeanor because he had completed his two-year felony sentence (see § 1170.18, subd. (f)), rather than reducing the conviction to a misdemeanor by recalling his sentence and resentencing him to misdemeanor punishment that included a year on parole. (§ 1170.18, subds. (a), (b), (d).) As we recently explained in *People v. Morales* (June 26, 2015, G051142) __ Cal.App. __ (*Morales*), a person who is still under postrelease community supervision (PRCS, a parole analogue under county instead of state supervision; see § 3451) has not completed his or her "sentence" within the meaning of Proposition 47. Consequently, because Hernandez was still on PRCS at the time of his application, Proposition 47's recall and resentencing procedure applied (§ 1170.18, subds. (a), (b), (d)), rather than the redesignation procedure that would have left him exempt from parole (*id.*, subd. (f).) As we explained in *Morales*, however, a defendant resentenced under Proposition 47 is entitled to apply excess custody credits, if any, to reduce or eliminate any applicable parole period upon resentencing. (*Morales, supra*.) We therefore affirm in part, reverse in part, and remand with directions to the trial court to calculate and apply Hernandez's credits.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2012, the district attorney filed a complaint charging Hernandez with felony possession of methamphetamine (Health & Saf. Code, § 11377; count 1), misdemeanor evading a peace officer (Veh. Code, § 2800.1, subd. (a); count 2), and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a); count 3). The complaint further alleged Hernandez had a prior

2

strike conviction (§§ 667, subds. (d), ( e)(1) & 1170.12, subds. (b), (c)(l)), and had served three prior prison terms (§ 667.5, subd. (b)).  On June 28, 2012, Hernandez pleaded guilty to all counts and admitted the strike prior and prison priors.  As the factual basis for his plea, Hernandez admitted that on May 16, 2012, he had a usable quantity of methamphetamine and narcotics paraphernalia in his vehicle and when the police tried to stop him for a Vehicle Code violation, he continued to drive with the intention of evading the police.

The court sentenced Hernandez to two years in state prison, consisting of two years on count 1, and suspended jail sentences on counts 2 and 3.  The court struck the strike prior and the prison priors, and awarded Hernandez 88 days of presentence custody credit consisting of 44 days each of actual credit and conduct credit.  The court imposed restitution and parole revocation fines of $240 each on count 1, and stayed the latter fine.  The court also ordered Hernandez to register for a narcotics offense under Health and Safety Code section 11590.  The sheriff immediately took Hernandez into custody, and it is undisputed that through actual time served and conduct credits he successfully completed his two-year prison sentence and was released on PRCS.

On November 24, 2014, Hernandez filed an application in the trial court to have his conviction for possession of methamphetamine designated as a misdemeanor under section 1170.18, subdivision (f).   At the hearing, defense counsel explained Hernandez had completed his prison sentence, but acknowledged he remained on PRCS, which prompted the prosecutor to argue Hernandez was entitled to Proposition 47 relief under section 1170.18, subdivision (a), rather than subdivision (f).  In other words, subdivision (a) authorized the court to recall Hernandez's sentence, reduce his felony drug possession conviction to a misdemeanor, and resentence him for the misdemeanor (*id.*, subd. (b)).  The trial court agreed and resentenced Hernandez to a one-year misdemeanor jail term.  The court awarded Hernandez a total of 183 days of actual credit and 182 days of conduct credit, for a total of 365 days of credit, placed Hernandez on one

3

year of parole under section 1170.18, subdivision (d), and rejected Hernandez's argument that the excess year he had served under his two-year felony sentence should be applied to eliminate his new parole term. Hernandez now appeals.

## II

## DISCUSSION

As noted at the outset, our holding in *Morales* controls this case, and we therefore address only the three potentially distinguishing features here, namely: (1) Hernandez's claim that the trial court erred in ordering the misdemeanor reduction under the recall and resentencing procedure when he had not sought that relief in the alternative, but rather had filed only a redesignation application; (2) whether the court in reducing his sentence to a misdemeanor was required also sua sponte to reduce his fines to the minimum for misdemeanor offenses; and (3)whether the registration requirement for felony methamphetamine possession must be stricken as unauthorized for a misdemeanor. We address each of these claims in turn, and find merit only in the final contention.

Hernandez filed his redesignation application under section 1170.18, subdivision (f), and did not seek in the alternative recall and resentencing under subdivisions (a), (b), and (d). At oral argument, Hernandez noted that if we were to conclude (as we have) that he was not eligible for redesignation under subdivision (f), he does *not* want the judgment reversed and his felony conviction reinstated. Rather, he contends the trial court erred in denying his oral motion for a continuance to delay the court's consideration and imposition of a one-year parole term on resentencing. He argues that because he sought only redesignation, he was not prepared to address resentencing and had not researched any basis for mitigation to reduce his parole term to months or eliminate it altogether. The trial court observed, however, that "This is your hearing" and when Hernandez offered nothing in mitigation, proceeded to resentence him to a misdemeanor term followed by a year of parole supervision. (§ 1170.18, subd. (d).)

4

The trial court did not err in denying a continuance, which requires a showing of good cause and is committed to the trial court's sound discretion. (§ 1050; *People v. Doolin* (2009) 45 Cal.4th 390, 450.) In arguing for a year of parole, the prosecutor noted Hernandez's record included a recent robbery conviction in 2009 and several PRCS violations resulting in jail time. Defense counsel similarly would have been generally familiar with Hernandez's record, and had the opportunity to consult with Hernandez in preparing the motion, but made no offer of proof below and on appeal suggests nothing in mitigation to support a continuance. Absent an offer of proof or any remote indication of potential mitigating factors, the trial court did not err in denying Hernandez's unfounded request for a continuance.

Hernandez argues his fines must be reduced on appeal (see § 1260 [appellate court may correct the judgment]) because at the original sentencing hearing in June 2012, the trial court imposed the minimum $240 felony restitution fine and corresponding felony parole revocation fine in the same amount. Hernandez insists we must strike the $240 fines because, in considering and granting his Proposition 47 redesignation application as a petition to recall and resentence him to a misdemeanor on the possession offense, the trial court failed to reduce the restitution or revocation fines to the $120 minimum for a misdemeanor. (§§ 1202.4, subd. (b)(1), 1202.45, subds. (a), (b).) Hernandez did not argue his fines should be reduced. Because the fines were within the statutory maximum of $1,000 for a misdemeanor (*ibid.*), Hernandez's argument on appeal that they were unauthorized is without merit. In calculating on remand Hernandez's excess credits, if any, the trial court may consider whether they may be applied proportionally to reduce his fines. (*Morena*, *supra*.)

Finally, Hernandez argues, the Attorney General concedes, and we agree that the felony methamphetamine possession registration requirement the trial court originally imposed (Health & Saf. Code, § 11590, subds. (a), (c)) must be stricken. No registration requirement is authorized for a misdemeanor conviction. (*Ibid.*)

5

III

DISPOSITION

The matter is remanded to the trial court with instructions to recalculate defendant's parole period consistently with this opinion, and to apply any excess credits against any applicable fines defendant owes. In all other respects the postjudgment order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

6